McKee v. Oliver.

JAMES W. McKEE *and another* v. ISAAC OLIVER *and another*.

The statute is imperative, that when it appears on the trial in a District Court that the defendants are not residents of the city of New York, and that the plaintiffs are residents, but not of the district in which the action was brought, the complaint must be dismissed.

And it does not alter the rule, that the objection of want of jurisdiction was not taken by answer, and only after the plaintiff had rested his case.

APPEAL by the defendants from a judgment rendered in the First District Court.

The action was brought to recover for services rendered by the plaintiffs, as brokers, in procuring a charter for defendants' vessel. On the return day mentioned in the summons, the defendants answered by general denial. On the trial, it appearing that the plaintiffs did not reside in the district, and that the defendants resided in Baltimore, the defendants moved that the complaint be dismissed for want of jurisdiction. The justice denied the motion, and rendered judgment for the plaintiff, and the defendants appealed to this court.

*R. W. Andrews*, for appellant.

*Alanson Nash*, for respondents.

BY THE COURT.—BRADY, J.—By the amendment of the fourth Section of the Act of 1857, in relation to the District Courts of this city, passed in 1862 (Laws of 1862, p. 970, § 20), it is provided that when the action is against the defendant or defendants, not residing in the city and county of New York, it must be brought in the district in which the plaintiff or one of the plaintiffs reside.

It is also provided by the forty-fifth section of the Act of 1857 (Laws of 1857, p. 707), that when it is objected at the trial, and appears by the evidence, that the action is brought in the wrong district, judgment that the action be dismissed with costs, without prejudice to a new action, shall be rendered.

It is not necessary that the objection be taken by answer. It is sufficient that it appears to be warranted by the evidence on the trial, and is then taken. The statute, on such proof and objection, becomes imperative, and the judgment of dismissal must be rendered (*Haulenbeck* v. *Gillies*, 7 Abb. Rep. 421; *Dean* v. *Cannon*, 1 Daly Rep. 34).

It having appeared that the defendants were not residents of this city, and that the plaintiffs were residents, but not of the district in which this action was brought, and an objection to the jurisdiction having been taken, the justice had no authority to render the judgment given, and it must be reversed.

Judgment reversed.