(35 Misc. Rep. 53.)

### PEOPLE ex rel. JAFFE v. BOLTE, Justice of Municipal Court.

(Supreme Court, Special Term, New York County. May, 1901.)

1. MANDAMUS TO JUSTICE.
     A writ of mandamus will not lie against a justice of the peace because of the alleged wrongful refusal to order the removal of an action to another district, the remedy being by appeal.

2. SAME.
     Mandamus will lie to compel a justice, who has refused to file motion papers for rehearing of a motion for removal, which the defendant deems essential to review, to file such papers.

Application by the people, on the relation of Samuel Jaffe, for writ of mandamus against Herman Bolte, justice of the municipal court of the city of New York. Granted in part.

Benjamin & Losee, for relator.
Elias Rosenthal, for respondent.

FREEDMAN, J. This is an application for a writ of peremptory mandamus requiring the above-named defendant to file with the clerk of the Second district municipal court of this city certain motion papers submitted to him on April 30, 1901, upon a hearing of a motion for a rehearing of an application made by the defendant in an action then pending in said municipal court, entitled "Philip Stromberg v. Samuel Jaffe," said application having been made for a transfer of said action from said Second district court to the Ninth district

court, and, in case the material facts set forth in the moving papers are put in issue, then that an alternative writ issue. The facts shown upon the papers read upon this motion, so far as the same are material to this application, are substantially as follows: An action was begun in the Second district municipal court by Philip Stromberg against Samuel Jaffe, the return day in said action being April 17, 1901. The defendant in that action, on the return day, made a motion for a transfer of the action to the Ninth district municipal court, and in support of said motion presented to the justice an affidavit made by the defendant, setting forth that neither the plaintiff nor the defendant resided in said Second district, but that the defendant resided in the Ninth district. The plaintiff's attorney thereupon asked for and obtained permission to file an affidavit in reply, showing that the plaintiff resided in said Second district. Such affidavit was filed on April 19, 1901. The action was adjourned until April 24, 1901. On that day the parties appeared, and the plaintiff asked for a further adjournment, whereupon the defendant's attorney stated to the court that he desired to renew his application for a transfer of the action. The justice thereupon directed the plaintiff (Stromberg) to take the witness stand, and he, after being sworn, testified that he resided in the Second district, at No. 148 Bowery. Stromberg was cross-examined by the plaintiff's attorney at some length, and, as appears from the stenographer's minutes submitted on this motion, swore that he resided within the Second district, and that he had no other residence except at No. 148 Bowery. The case was then again adjourned until May 2, 1901. Upon April 27th the defendant's counsel prepared and served papers, making a motion for a rehearing of his application for a removal of said action to the Ninth district, which motion was returnable on April 30, 1901. Upon the return day of this last motion, and when the defendant's attorney attempted to be heard thereon, the plaintiff's attorney interposed a preliminary objection, stating that the court had heard the application on the return day of the summons, and again on April 24th, and had decided the same, and therefore had no further power in the premises. Thereupon the justice stated that he had disposed of the matter, and would not hear it again, and refused to accept the motion papers, or to permit them to be filed; whereupon the defendant's attorney left them upon the desk of the judge.

The charter of Greater New York provides that an application for the transfer of an action in the municipal court must be made at the joinder of issue. It has been held in this court that the alleged wrongful refusal of a justice of the municipal court to order the removal of a cause is adequately remedied upon appeal, and that a writ of mandamus for that purpose will not lie. People ex rel. Goldstein v. Bolte, 71 N. Y. Supp. 73; People ex rel. O'Brien v. Bolte, Id. 74. I am constrained to follow those decisions until an appellate court shall have decided otherwise. If the decision of the issues of fact raised by the allegations of the opposing affidavit submitted to the justice on the part of the plaintiff, together with the testimony given by him upon the stand, and the dismissal of the defendant's motion for a rehearing of the motion for the transfer of the action,

was error, it would seem that the same could be reviewed upon an appeal taken from any judgment that might be rendered against the defendant in the action, and that such method would furnish an adequate remedy. For the refusal of the justice to either accept the motion papers or permit them to be filed in his court, and thereby become a part of the records of the case, a writ of mandamus should issue. The proper and orderly administration of justice requires that the rights of litigants should be jealously guarded and protected, and that papers submitted to the courts for the purpose of raising proper legal questions should be preserved, and especially so when the justice before whom the motion is made peremptorily dismisses the same without examination into the merits of the application set forth in the moving papers submitted to him. The relator herein may have an order granting a writ of peremptory mandamus to issue directed to the defendant, requiring him to file the papers presented to him on the motion made by the defendant in this action on April 30, 1901, so that the same shall be made a part of the record in said action of Stromberg against Jaffe, but in all other respects this motion is denied.

Ordered accordingly.