(38 Misc. Rep. 781.)

### GOLDMAN et al. v. JACOBS.

(Supreme Court, Appellate Term. June, 1902.)

1. MUNICIPAL COURTS—JURISDICTION—TRANSFER.
　　Where defendant in an action in the municipal court of the city of New York moves on the return day of the summons to transfer the cause on the ground that none of the parties resided in the district, which fact is established by uncontradicted evidence, the court, under the direct provisions of Greater New York Charter, § 1370, subd. 4, must transfer the case.

2. SAME—FAILURE TO TRANSFER—REMEDY.
　　A defendant may appeal from a default judgment rendered against him in the municipal court of the city of New York after the court had improperly refused to transfer the cause on the ground that none of the parties resided in the district.

3. SAME—VALIDITY OF JUDGMENT.
　　A justice of the municipal court of the city of New York has no authority to render judgment in a cause which he should have transferred on the ground that none of the parties resided in the district.

Appeal from municipal court, borough of Manhattan, Second district.

78 N.Y.S.—53

Action by Abraham Goldman and others against Sadie Jacobs. From a judgment of the municipal court of New York in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Sanders & Feltenstein, for appellant.
Marks & Marks, for respondents.

MacLEAN, J. The defendant appeals from a judgment by default rendered in favor of the plaintiffs in an action for goods sold and delivered. On the return day of the summons the defendant moved to transfer the cause on the ground that none of the parties resided in the Second district. The evidence in the record to such effect was not contradicted. It was, therefore, the duty of the justice to make the transfer (Greater New York Charter, § 1370, subd. 4), and for his failure therein the remedy of the defendant properly lies in this appeal (People v. Bolte, 35 Misc. Rep. 53, 71 N. Y. Supp. 74), and, the justice being without authority to render judgment (Consolidation Act, § 1382; McKee v. Oliver, 2 Daly, 381; Barrowcliffe v. Harrison, 9 Daly, 473), it must be reversed.

Judgment reversed, with costs to appellant. All concur.