(53 Misc. Rep. 364.)

### PEOPLE ex rel. McGOWAN v. MURRAY.

(Supreme Court, Special Term, New York County. March, 1907.)

Mandamus—Remedy by Appeal.

A justice of the Municipal Court of the City of New York, after issue joined and several adjournments, transferred the action from the district over which he presided and in which neither of the parties resided to a district where defendant's business office was situated. *Held* that, since his action could be reviewed on appeal, mandamus would not lie to compel him to retain jurisdiction and try the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 9.]

Application by the people, on the relation of Thomas McGowan, for a writ of mandamus to Thomas E. Murray. Denied.

Harcourt Bull, for relator.
Henry B. Smith, for respondent.

GREENBAUM, J. It is conceded that respondent, a justice of the Municipal Court, upon motion of counsel for the defendant in the action of McGowan v. New York City Railway Company, ordered the transfer of said action from the Eleventh district, over which said justice presided, to the Third district, after issue joined and after several adjournments of the trial of the action had been had. It is also conceded that neither party to said action resided within the Eleventh district and that defendant's office for the transaction of its business was in the Third district. The relator asks for a writ of mandamus compelling the respondent to retain jurisdiction and try said action.

The action was not brought in the proper district. Subdivision 4 of section 25 of the Municipal Court act (Laws 1902, p. 1497, c. 580) provides:

"4. If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless the action is transferred to the proper district before trial upon demand of the defendant made upon or before the joinder of issue in writing or in open court, followed by the consent of the plaintiff given in like manner, or the order of the court. The demand must specify the district to which defendant requires the action to be transferred. The court must make such order when the district in which the action or proceeding is brought is not the proper district, as specified in this section or the next one, if such demand be made."

It is evident that a defendant is absolutely entitled to a removal of an action, where it is not brought in the proper district, provided the demand is made as above provided; and for improperly refusing to transfer an action an appeal will lie. People ex rel. Jaffe v. Bolte, 35 Misc. Rep. 53, 71 N. Y. Supp. 74; Goldman v. Jacobs, 38 Misc. Rep. 781, 78 N. Y. Supp. 833. In the matter under consideration, unlike the situation presented in the Jaffe and Goldman Cases, supra, where the aggrieved parties were defendants, the plaintiff complains that the justice had no authority to transfer the action. Mandamus can only issue in this case if it appears that the justice had no jurisdiction to transfer the action and that he refused to retain jurisdiction, notwithstanding it was his clear duty so to do. People ex rel. v. Murray, 2 Misc. Rep. 152, 23 N. Y. Supp. 160. The Municipal Court act above quoted reads:

"If the district in which the action or proceeding is brought is not the proper district, the action may, notwithstanding, be tried therein, unless," etc.

It will be observed that it "may," not that it "must," be there tried. It is true that the action "must" be transferred under the circumstances and conditions mentioned in the act, if the defendant so demand; but it by no means follows that the justice may not order a transfer of the action where it is not brought in a proper district, even though the defendant is not entitled to it as a matter of right, because of his failure to make a demand for the transfer, either "upon or before the

joinder" of issue. The justice has exercised his judicial judgment in construing the Municipal Court act as conferring power upon him to order the transfer of the action to the proper district, even after issue joined, and I am inclined to concur in his view.

If it be assumed, however, that the justice had no power to transfer the action, then it would follow that the justice in the district to which it was transferred would have no power, under plaintiff's objection to entertain jurisdiction, and plaintiff's rights would be safeguarded upon appeal from the final judgment. Plaintiff would thus have an adequate remedy by appeal, and in such case a mandamus would be inappropriate.

Motion denied.