THE PEOPLE ex rel. WILLIAM M. STEVENS, Respondents, *v.* WILLIAM B. HAYT, Appellant.

THE PEOPLE ex rel. JAMES E. MUNGER, Jr., Respondents, *v.* DANIEL GEROW, et al., Appellants.

To entitle a party to a writ of *mandamus,* he must show himself legally and equitably entitled to some right properly the subject of the writ, and that it is legally demandable from the person to whom the writ is directed ; also, that such person still has it in his power to perform the duty required.

So, also, whatever is required to be done by the relator as a condition precedent to the right demanded, must be shown affirmatively to have been performed by him before he is entitled to the writ.

*People ex rel.* v. *Hayt* (7 Hun, 39) reversed.

(Argued April 4, 1876 ; decided April 18, 1876.)

THESE were appeals from orders of General Term which reversed orders of Special Term denying motions in each case that a *mandamus* issue. (Reported below, 7 Hun, 39.)

By chapter 400, Laws of 1875, the town of Wappinger was created from a portion of the territory of the town of Fishkill, the residue remaining and continuing as the town of Fishkill. It was provided (§ 2) that the town officers elected in the old town, "should hold over and perform the duties of their respective offices" for both towns, until the first Tuesday of March, 1876, when elections in each town were directed.

In the matter first above entitled, the application was for a *mandamus* to compel the defendant, who was town clerk of the town of Fishkill at the time of the passage of said act, and was a resident of the territory remaining under the act in the town of Fishkill, to file a chattel mortgage given to relator, who was a resident in the new town of Wappinger, by a resident of said town, and to properly index the same as required by statute.

The second application was by relator, a resident and tax-payer of the new town, to compel defendants who were at the time of its creation assessors of the old town, two of whom were residents in the territory left to said town, and one of

whom resided in the new town as the board of assessors for the new town, to ascertain the taxable inhabitants and property thereof, and prepare an assessment roll for said town.

The Special Term denied the applications on the ground that the said act was unconstitutional and void. *Held*, that the act had no effect upon the powers, the property, rights or obligations of the town of Fishkill, or upon the terms or tenure of office of those then holding office therein, and who continued to reside in that portion of the town not set off to the new town, and that except as otherwise provided by law all the statutes then in force, relating to the town of Fishkill, were in full force and effect in said town, after the alteration of its boundaries and curtailment of its territory. (1 R. S., 338; *Hampstead* v. *Hampstead*, 1 Hop., 288; *People* v. *Garey*, 6 Cow., 642; *Exparte McCollum*, 1 Cow., 551.) That, therefore, section 3 of said act, which continues all laws then affecting the town of Fishkill, and makes them applicable to said town as it existed under the act, which section was challenged as violative of article 3 of section 17 of the Constitution, was of no force or effect whatever, as it was not necessary to continue such laws, and it was entirely immaterial whether the section was in or out of the act; that it had become of no importance whether the officers elected for the town of Fishkill were constitutionally officers of the town of Wappinger, as an election for officers had been had under the act; that conceding that the officers of Fishkill could not be made, by the legislature, officers of Wappinger, the attempt so to do by enactment did not necessarily vitiate the entire act; that it was not for the court, unless necessary for the determination of matters before it, to hold any part of the act unconstitutional, and any omissions of duty on the part of the officers affecting the public, could not be remedied or supplied by any judgment that could be given in these proceedings.

The court laid down the following general principles as applicable to writs of *mandamus:* First, that to entitle a relator to the writ, he must show himself legally and equitably entitled to some right properly the subject of the writ, and that it is legally demandable from the person to whom the writ must be directed; also, that such person still has it in his

power to perform the duty required. (*People* v *Supervisors*, 12 Barb., 217 ; Topping on Man., 17.)   Second, that whatever is required to be done by such relator as a condition precedent to the right demanded, must be shown affirmatively to have been performed by him. (Topping on Mandamus, 28 ; id., 251.)   Also held, that the relator Munger had no right, as a resident and tax-payer, upon his own motion and in his own behalf, to take action to compel the assessors of the town to perform their duties ; and, even if it should be claimed that any tax-payer had such power, the time had long gone by at the time of granting the order for *mandamus* in that case, and the writ, therefore, being unavailing, should not have been granted ; that as to the application of the relator Stevens, the writ might be denied on the ground that it was not clear that defendant Hayt was bound by law to exercise the jurisdiction demanded of him ; but, conceding this, it did not appear affirmatively that he had been put in default, as the act requiring chattel mortgages to be filed (Laws of 1833, chap. 279 ; Laws of 1849, chap. 69) gives the clerk certain fees, and a payment or tender of these fees was necessary to entitle relator to demand the filing and registry of his mortgage ; no such payment or tender appears ; also that the statute requires the filing to be in the town where the mortgagor, if a resident of the State, resides ; defendant resided in Fishkill, had no office in Wappinger, and had undertaken no duties, nor assumed the office of town clerk of the latter town ; nor does it appear that he had the means or could provide a book for registry at the expense of the town ; also, the relator had no legal right to compel defendant to go from his residence to some place in Wappinger, and there perform the act required, and the filing of the mortgage in Fishkill would have been useless.

*M. A. Fowler* for the appellant.

*Wm. I. Thorn* for the respondent.

*Per Curiam* opinion for reversal of order of General Term, and affirmance of order of Special Term.

All concur.

Ordered accordingly.