THE PEOPLE ex rel. MATTHEW D. FREER, Respondent, v. THE CANAL APPRAISERS, Appellant.

Where an act, the doing of which is sought to be compelled by mandamus, is the final thing, and, if done, gives to the relator all that he seeks, proximately or ultimately, the question whether he is entitled to have that act done may be inquired into by the officer or person against whom the mandamus is sought, and also by the tribunal which is moved to grant the writ; but where the act is but a step toward the final result, the means of setting in motion a tribunal which is to decide upon the right to the final relief claimed, then the officer or tribunal can only inquire whether the relator shows a right to have the act done, not as to his right to final relief.

Accordingly *held*, where a mandamus was asked for to compel the canal appraisers to make return to an appeal, that the only question presented to the court, or to the canal appraisers, was whether the relator had a right to appeal, or to have a return made; that this did not depend upon his right to ultimate success; and that, therefore, the question whether he had a right to a reversal, or even to a review of the decision of the appraisers, could not be considered, but was to be determined by the appellate tribunal; also, it appearing that the relator had a right to take an appeal, and that he served notice of appeal in due time, *held*, that a peremptory writ was properly granted.

(Argued April 16, 1878; decided April 23, 1878.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term granting a peremptory writ of mandamus

directed to defendants, requiring them to make return to the canal board, upon an appeal by the relator from a decision of said defendants. (Reported below, 13 Hun, 64.)

It appeared by the moving papers that the relator filed two claims with defendants for certain canal damages. The claims were heard and an award made. The relator appealed in due time. The canal appraisers refused to make a return, and opposed the granting of the writs upon the ground, principally, that the relator accepted and received the amount awarded in full satisfaction of his claim.

*E. Countryman*, for appellants. To entitle a relator to a writ of mandamus, he must show himself legally and equitably entitled to some right properly the subject of the writ, and that it was legally demandable from the person to whom the writ must be directed. (*People ex rel. Stevens* v. *Hoyt*, 66 N. Y., 606; *People ex rel. Mott* v. *Board of Supervisors*, 64 id., 600; *People ex rel. Mygatt* v. *Board of Supervisors*, 11 id., 563; *People ex rel. Belden* v. *Contracting Board*, 27 id., 378–381; *People ex rel. Duff* v. *Booth*, 49 Barb., 31; *People ex rel. Bailey* v. *Super. of Greene*, 12 id., 217; *People ex rel. Moulton* v. *Mayor of New York*, 10 Wend., 393, 397; *People ex rel. Debennetti* v. *Clerk Mar. Ct.*, 3 Abb. [Ct. of App. Dec.], 492; *People ex rel. Slavin* v. *Wendell*, 5 N. Y. Week. Dig., 312; *People* v. *Board of Apportionment*, 3 Hun, 11; *People* v. *Super. of Albany*, 12 J. R., 415; *People ex rel. Stephers* v. *Halsey*, 37 N. Y., 344, 347, 348; *State* v. *Mayor of Newark*, 35 N. J. Law, 373, 377; *Seymour* v. *Ely*, 37 Conn., 103; *Peck* v. *Booth*, 42 id., 271; Tapping on Mandamus, 10, 28; *King* v. *Surrey Justices*, 1 Durnf. & East, 504; *King* v. *Justices of Derbyshire*, 1 Dowl., 386; *King* v. *Justices of Devon*, 4 Maule & Sel., 421.) The relator waived his right to an appeal by demanding and receiving the amount of the award made by the appraisers. (*Bennett* v. *Van Syckel*, 18 N. Y., 481; *Knapp* v. *Brown*, 45 id., 207, 209; *Genet* v. *Davenport*, 59 id., 648; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 97, 100.) As

there was, independent of the receipt, a direct conflict in the
affidavits upon the issue of waiver, a peremptory writ of
mandamus could not be granted until this issue of fact was-
determined. (*People ex rel. Mott* v. *Suprs. of Greene*, 64·
N. Y., 600; *People* v. *Board of Apportionment*, 3 Hun, 11;
5 Wait's Pr., 576.)

*N. A. Halbert*, for respondent. The appellants were in.
default as to the return. (High. on Extra Rem., 4.) The·
objection that payment of the award waived the right of
appeal was not tenable. (*Rogers* v. *Rogers*, 7 Cow., 526;
Ch. Manual, 209, § 445; 1 R. S. [Banks' 6th ed.], 661, §·
104.) The awards of the appraisers are specific not general,.
like judgments. (Ch. Manual, 205, § 428; 1 R. S. [6th ed.],
661, § 100.) If their decision were a judicial judgment which.
had been paid, the claimant would still have a right to appeal.
(*Clowes* v. *Dickinson*, 8 Cow., 328; *Higbee* v. *Westlake*, 14·
N. Y., 281; *Bewkard* v. *Babcock*, 27 How. Pr., 392; *Ben-
nett* v. *Van Syckel*, 18 N. Y., 481, 483.) The canal board.
can make no rule which contravenes the law. (Manual, 214,
§ 462; 1 R. S. [6th ed.], 662, § 114.) The relator was enti-
tled to the money as soon as the award was made, and a.
mandamus would have issued to compel its payment. (Man-
ual, 209, § 445; 1 R. S. [6th ed.], 661, § 104; id., 681, §
227; id. [Banks' 6th ed.], 661, § 4; *Rogers* v. *Walter*, 7
Cow., 526; *Cumber* v. *Ware*, 1 Smith's Lead. Cas., 146;
*Ryan* v. *Ward*, 48 N. Y., 204; *Miller* v. *Coates*, 66 id., 609.)·
The rule requiring in cases of disputed facts an alternative·
writ in the first instance embraces only such facts as are·
decisive of the case on its merits. (*People ex rel. Cagger* v..
*Schuyler Co.*, 2 Abb. Pr., 98; *People* v. *Brennan*, 39 Barb.,
523; *People ex rel. Merritt*, 12 Wend., 183.) The form or·
kind of writ was discretionary, and that discretion not review-
able here. (*People* v. *Contracting Board*, 27 N. Y., 378, 386.)

FOLGER, J. We think that the order appealed from·
should be affirmed. To do that, we need not depart from any·.

rule heretofore laid down by this court. The relator seeks to compel a return to an appeal taken by him. He has a right to take that appeal. If he has served the notice of appeal in due time, he has a right that a return shall be made to it. Whether he has a right to a reversal, or even to a review, of the decision of the canal appraisers is another question, to be determined by the appellate board. That inquiry is not now here, nor was it before the canal appraisers. All that is now here, and all that was before them, was whether he had a right to appeal, and to have a return made. And that depended not upon the right to ultimate success in his hearing before the appellate tribunal, but upon the right to take an appeal and have it heard; and that depended upon whether he had served the notice of appeal in time.

The counsel for the relator suggested the true distinction. When the act, the doing of which is sought to be compelled by mandamus, is the final thing, and if done gives to the relator all that he seeks proximately or ultimately, then the question whether he is entitled to have that act done, may be inquired into by the officer or person to whom the mandamus is sought, and is also to be considered by the tribunal which is moved to grant the mandamus; but where the act to be done is but a step towards the final result, and is but the means of setting in motion a tribunal which is to decide upon the right to the final relief claimed, then the inferior officer or tribunal may not inquire whether there exists the right to that final relief, and can only ask whether the relator shows a right to have the act done which is sought from him or it. Thus, if a justice of the peace decline to pay over to a person money paid into him on an execution issued by him, he may resist the application for a mandamus thereto, on the ground that the relator has no right to the money; but where, within the time prescribed by law, the relator has duly taken an appeal from the judgment of a justice of the peace, that officer cannot resist a motion for a mandamus that he make a return to the appellate court, on the ground that the relator cannot succeed in his appeal.

That case and this are similar. The relator has in due time served a notice of appeal. There is but one duty for the defendants — that is, to make a return, so that the relator may present his case to the appellate board. With that board is the sole right in the first instance to decide upon the merits of the appeal. He is legally and equitably entitled to·a return to his appeal. That is a ministerial act, properly the subject of the writ of mandamus, which is legally demandable from the persons to whom the writ must be directed, who still have it in their power to perform the duty required. The relator shows affirmatively that he has done that which is required of him by law as a condition precedent to the right demanded. (*The People ex rel.* v. *Hayt*, 66 N. Y., 606.)

The order should be affirmed.

All concur.

Order affirmed.