PEOPLE *ex rel.* KENNEY *v.* WINANS *et al.*

(*Supreme Court, Special Term, New York County.* January 27, 1890.)

MANDAMUS—TO COMPEL TRUSTEES OF RELIGIOUS SOCIETY TO ATTEND MEETING.
 Under Laws N. Y. 1813, c. 60, § 3; Laws 1875, c. 79, § 4; and Laws 1876, c. 176, § 1, —constituting the wardens, vestrymen, and rector of an incorporated Episcopal Church the vestry and trustees of the church, and intrusting to them the management of the temporalities, estate, and property of the church, the rector has the right to institute *mandamus* proceedings to compel the attendance of vestrymen who refuse to attend a meeting of the vestry; and, it being shown that a meeting is necessary, and cannot be held without their presence, and the purpose sought to be obtained being merely to secure a meeting, a peremptory writ will issue.

At chambers.

Laws 1813, c. 60, § 3, provides that the wardens, vestrymen, and rector of an incorporated Episcopal Church shall form a vestry, and shall be the trus-

tees of the church. Laws 1875, c. 79, § 4, provides that the management and disposal of affairs and property of such corporation shall be in the hands of the trustees thereof. Laws 1876, c. 176, § 1, provides that the rector, wardens, and vestrymen, as the trustees, consistory, or session, of any church, congregation, or religious society, incorporated under any of the laws of this state, shall administer the temporalities thereof, and hold and apply the estate and property belonging thereto, and the revenues of the same, for the benefit of such corporation, according to the rules and usages of the church or denomination to which said corporation shall belong; and it shall not be lawful to divert such estate, property, or revenue to any purpose except the support and maintenance of any church or religious or benevolent institution or object connected with the church or denomination to which such corporation shall belong.

*Hoffman Miller*, for relator.     *John Alex. Beall*, for respondents.

O'BRIEN, J.   This is a motion for a peremptory writ of *mandamus* compelling the respondents to attend the meetings of the vestry of the church of the Holy Nativity. It is admitted that respondents have intentionally absented themselves from meetings heretofore called, and propose to absent themselves from such meetings as may hereafter be convened. By their affidavits, they seek to justify their conduct by alleging a disagreement with the relator as to the construction of a new church. The relator is rector, and one of the trustees, of such church, and the respondents are vestrymen. The dissensions existing among these vestrymen and trustees, as shown by the affidavits used upon the motion, is most unfortunate and deplorable, bringing, as it does, a matter into a court of justice, and into the public gaze, which could, by a little religious forbearance exercised by the parties, have been obviated. Standing as they do, however, upon their rights, it but remains for the court to determine the question presented purely and entirely from a legal stand-point.

The relator, as a member of the body corporate, whose sole occupation and means of support are derived from such church, has rights in the property of the corporation which are recognized by statute. To him, and the others associated with him in the board of trustees, is intrusted the admistration of the temporalities of the corporation. See Laws 1875, c. 79, § 4; Laws 1876, c. 176, § 1; Laws 1813, c. 60, § 3. I am of opinion, from an examination of the laws just referred to, that the relator's *status* entitles him to make this motion, and that the court has jurisdiction to entertain the same. Is seems equally clear, from the nature of the duties which the respondents are equally called upon to perform, and the duty devolving upon them by statute, that it is incumbent upon them to attend meetings duly called. The administration of the affairs of the corporation can only be effected by meetings of the vestry, of which the respondents are members. They are elected for that purpose. And to concede that thereby no duty is imposed to attend meetings would lead to endless confusion and serious embarrassment in the administration of the affairs of the corporation, would provide a lawful method by which the whole machinery of the body politic could be stopped, and would give a dissatisfied trustee a ready means of thwarting the will of the majority. 1 Mor. Priv. Corp. § 273, says: "Courts will interfere whenever the managing agents of a corporation cannot or will not properly carry on its business,   *   *   * or where disputes have arisen between the properly constituted agents, causing a dead-lock in the management of the corporate affairs." It being shown, then, that a meeting of the vestry is necessary, and that none can be held without the presence of the respondents, and they having admitted to have intentionally absented themselves, I do not see that any question of fact arises, or that anything remains but to grant the motion. The excuses presented as to the serious differences existing as to the course to be pursued with reference to the building, or not building, of a new church, and other questions affecting the administration of the affairs of the corporation, present no valid rea-

son for denying the relief sought. It is true that the writ is not an absolute writ of right, but rests in the sound discretion of the court; and, though the applicant may have a strict legal right, the court will not use its discretionary power for the purpose of enabling him to assert it, when not convinced of the propriety of his motives. The excuses presented, and the reasons given, might be considered, if it were sought to compel the trustees to perform a particular or final act; but I do not think that the question of motive arises here, where the purpose sought to be obtained is merely to secure a meeting of the vestry. As was well said in the case of *People* v. *Canal Appraisers*, 73 N. Y. 446, "when the act, the doing of which is sought to be compelled by *mandamus*, is the final thing, and, if done, gives to the relator all that he seeks proximately or ultimately, then the question whether he is entitled to have that act done may be inquired into by the officer or person to whom the *mandamus* is sought, and is also to be considered by the tribunal which is moved to grant the *mandamus*. But where the act to be done is but a step towards the final result, and is but the means of setting in motion a tribunal which is to decide upon the right to the final relief claimed, then the inferior officer or tribunal may not inquire whether there exists the right to that final relief, and can only ask whether the relator shows a right to have the act done which is sought from him or it." In this, the plain duty, by virtue of their election, has been imposed upon the respondents to attend duly-called meetings of the vestry; and if, at such meetings, a course is attempted to be pursued detrimental to the interests of the corporation, destructive of its corporate rights or property, then the very provisions of the statute which gives the court jurisdiction over the trustees of a religious corporation also confer jurisdiction to supervise the actions of such trustees, and can require them to use and manage the property of the corporation according to the rules and usages of the church or denomination to which the corporation belongs, and can restrain them, by appropriate orders and decrees in actions or proceedings properly instituted for that purpose, from diverting the property held by them as trustees, or from using the revenues which come into their hands except for the support and maintenance of the church or denomination to which they are attached. *People* v. *Conley*, 42 Hun, 98. It is hoped that none of the evils anticipated by the respondents will flow from the meetings of the vestry to be held; but that, having in view the religious purposes of their organization, and the true interest of those who have intrusted them with the power, that the same will be exercised justly, and with a view to promote the best interests of the corporation. Motion for a peremptory writ granted.