PEOPLE ex rel. DONOHER v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. GREATER NEW YORK CHARTER—APPLICATION—POLICE DEPARTMENT.

Greater New York Revised Charter, § 290 (Laws 1901, p. 122, c. 466), providing that the police commissioner shall maintain a central office bureau of detectives, and that the officers theretofore assigned to what is known as the "headquarters squad," and who should be acting thereon on April 1, 1901, should be known as "detective sergeants," and should act in such borough. Held, that such section included and applied to the various borough headquarters squads, and was not limited to the headquarters squad in the borough of Manhattan.

2. SAME—LACHES.

Where relator, after having been transferred to the Brooklyn borough headquarters squad, demanded of the police commissioner that he should thereupon be accorded the rank and grade of a detective sergeant, as authorized by Greater New York Revised Charter, § 290 (Laws 1901, p. 122, c. 466), and within 10 days after receiving notice of the police commissioner's refusal of his demand, and while still performing the duties of his office, brought mandamus to compel such recognition, he was not guilty of laches.

3. SAME—ESTOPPEL.

Where a policeman, after having been transferred to the Brooklyn borough headquarters squad, brought mandamus to compel the police commissioner to thereafter recognize him as a detective sergeant, as authorized by Greater New York Revised Charter, § 290 (Laws 1901, p. 122, c. 466), the fact that between January 1, 1902, when such section went into effect, and April 28, 1903, when relator made his demand, he had received and receipted for his salary as a patrolman while performing duties in such headquarters squad, did not estop him from claiming his rights under such section.

4. SAME—MANDAMUS.

Where, at the time a member of a borough headquarters squad sued to compel the police commissioner to recognize him as a detective sergeant, as authorized by Greater New York Revised Charter, § 290 (Laws 1901, p. 122, c. 466), he was exercising the duties of his office, and his

right to the office was not in issue—the only question involved being the salary to which he was entitled, and his right to the title and grade of a detective sergeant, which it was the duty of the police commissioner to accord to him under such section—he was entitled to enforce the same by mandamus.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Mandamus by the people, on relation of Daniel F. Donoher, against Francis V. Greene, as police commissioner of the city of New York. From an order granting relator's application for a peremptory writ, defendant appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.
Bernard J. York, for respondent.

HATCH, J. The relator, Daniel F. Donoher, is a member of the police force of the city of New York, and has been for a number of years past. On the 15th day of July, 1901, he was assigned to the Brooklyn borough headquarters squad for the performance of detective duty, and has been continuously attached to said squad from that time to the time of filing his petition, which bears date the 7th day of May, 1903, and during this period he was required to, and has, performed detective duty therein. On the 28th day of April, 1903, the relator made demand upon the defendant, the police commissioner, that he be recognized as a detective sergeant on the police force of the police department, and be accorded all the rights, privileges, and emoluments belonging to such rank and grade, which demand the police commissioner denied; and, upon such refusal, this proceeding was instituted, which asks for a peremptory writ of mandamus commanding the defendant herein to forthwith grade and recognize the relator as a detective sergeant on the police force of the police department of the city of New York, and to accord to him all the rights and privileges thereunto appertaining. The court made an order requiring the defendant to grade and recognize the relator as a detective sergeant of police of the police department of the city of New York, and forthwith to grant him all the rights, privileges, and emoluments belonging to the rank of a detective sergeant of police in the police department of the city of New York. From that order this appeal is taken.

The contention that the provisions of section 290 of the revised charter of the city of New York apply only to the headquarters squad in the borough of Manhattan cannot be sustained. Laws 1901, p. 122, c. 466. This court, in People ex rel. Finn v. Greene, 87 App. Div. 346, 84 N. Y. Supp. 565, held that the provisions of this section of the charter apply equally to assignments of patrolmen to perform duty in the headquarters squad in the borough of Brooklyn as to an assignment to the headquarters squad in the borough of Manhattan. Such assignment carried with it, and entitled the relator to receive, all of the benefits for which the act provided. In many essential matters this case is like the Finn Case. It differs from it, however, in

a single controlling feature. Therein the relator was detached from the Brooklyn borough headquarters squad on the 25th day of April, 1902, and brought his proceeding on the 8th day of May, 1903, after he had ceased to perform duty as a detective sergeant, and this court held that he had been guilty of such laches in instituting his proceeding for reinstatement as defeated the application. In the present case the averment of the petition is that the relator was assigned to duty as a detective sergeant on the 15th day of July, 1901, has been continuously attached to such squad since that date, and is now performing detective duty in such squad. This averment is not put in issue by the return to the writ. Therein the date of the assignment is admitted, and connected with it is the further statement that the relator's "assignment was changed from that office to duty in connection with the Bertillon system in the borough of Brooklyn." We understand from the language of the return that the duty which the relator is performing in connection with the Bertillon system, so called, is within the line of duties assigned to and performed by detective sergeants connected with the headquarters squad. It is a mere detail in the performance of duty as a detective sergeant. Consequently the return does not put in issue the facts as averred in the petition. It necessarily follows, upon this state of facts, that the question of laches is not involved in the present proceeding. The relator cannot be held guilty of laches in failing to move for a reinstatement to his assignment as detective sergeant, because he has not been removed therefrom, and is now acting in such position. On April 28, 1903, he demanded of the defendant that he be graded and recognized as a detective sergeant, and, this not being complied with, he instituted this proceeding within 10 days thereafter. There is no basis, therefore, for saying that the relator has been guilty of any laches in seeking to enforce his rights. Such question is not presented in this proceeding.

It is said, however, that he is now estopped from claiming that he is a detective sergeant, for the reason that since January 1, 1902, when the revised charter of the city of New York went into effect, he has received, accepted, and receipted for his salary as a patrolman, and by reason of such acts has waived any rights of which he was possessed. This is certainly a novel claim upon which to rest an estoppel. If the relator by his assignment secured the status of a detective sergeant in the police force of the city of New York, and he still remains therein, performing duties as such, it is clear that he is entitled to the pay attached to such grade. The fact that prior to the time when he made his demand to be recognized and graded as such, and that he be given the emoluments inuring to such position, he had not received them, cannot be held as operating to create an estoppel which forever deprived him of his right thereto. It may be that by accepting, receiving, and receipting for his pay prior to that time, he has estopped himself from demanding that he be paid a greater sum for that period of service; but with that question we are not now concerned. The problem we are now dealing with is, what is his present right, and to what is he now entitled? And the fact that heretofore he has taken a less sum than that to which his

position entitled him cannot, in the nature of things, affect such question. That relates to the past. We are now only concerned with the future, and, no matter for what reason he has hitherto failed to receive that to which he is entitled, it does not estop or bar him in any way from asserting his present right.

It is said, however, that, if he have a remedy, it is not by mandamus, but by action of quo warranto. In support of this claim the learned corporation counsel relies upon People ex rel. McLaughlin v. Police Com'rs, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596. That case is without application to the present. Therein the board of police commissioners of the city of Yonkers placed a captain of police upon the retired list, passed a resolution that he be relieved from duty, retired him from the police department of the city of Yonkers, and placed him upon the roll of the police pension fund at an annual pension for life. The retired officer acquiesced for over three months in his retirement, received and receipted for the balance of the pay which was due him, and also received a portion of the pension money. After the retirement the police commissioners appointed another person to the office held by the relator, and also filled certain other offices by promotions in the respective grades up to the captain. Subsequently the relator instituted proceedings by mandamus to compel the commissioners to reinstate him in his position, and upon application the then incumbent of the office of captain of police was permitted to intervene in the proceeding; and thus was presented a case where two persons—one out, and the other in —claimed title to the office. The Court of Appeals had little difficulty in producing an overwhelming array of authority showing that under such circumstances quo warranto, and not mandamus, was the proper remedy. Such is the unbroken line of decisions bearing upon this question. They are without application here, for the reason that the relator in the present case is the sole occupant of the office or position to which he has been assigned. No other person lays claim to it. He is the actual, present incumbent, performing its duties, and there is no question of title to an office to try, save such question as arises upon a construction of the provisions of the charter which determines the relator's right. The facts are admitted, and there is no struggle between conflicting claimants to a particular office. It is evident, therefore, that the discussion in the McLaughlin Case has no application to the present proceeding.

It is further said, however, that plaintiff's remedy is not by mandamus, but by an action against the city to recover his salary. So far as this question is concerned, we might easily dispose of it by saying that no such question was raised below by the learned corporation counsel, nor upon the oral argument in this court, nor in the briefs submitted with the case. It is raised here for the first time by independent suggestion, but, however raised, we are of opinion that it is not available to defeat the present application. In order to entitle the relator to a mandamus, he is required to show himself legally and equitably entitled to some right properly the subject of the writ, that it is legally demandable from the person to whom the writ is directed, and also that such person has power to perform the

duty required. People ex rel. Stevens v. Hayt, 66 N. Y. 606; People ex rel. Perkins v. Hawkins, 46 N. Y. 9; People ex rel. Faile v. Ferris, 16 Hun, 219. There is no doubt but that the defendant is the proper person against whom to direct the writ, and that whatever right the relator has is legally demandable from him, and that he or his successor in office may perform the act required. By the decisions of the Court of Appeals in Matter of Sugden v. Partridge, 174 N. Y. 87, 66 N. E. 655, and Matter of Fay v. Partridge, 174 N. Y. 526, 66 N. E. 1107, the status of the relator would seem to have been authoritatively determined; and as he was in office on January 1, 1902, and has continued to remain therein down to the present time, he is, by virtue of the statute, and of the authorities construing it, entitled to rank as a detective sergeant upon the police force of the city of New York, to be graded and recognized as such, and to receive the emoluments attached thereto. The relator therefore shows himself legally entitled to a right which may properly be enforced by writ of mandamus. His right is not alone to receive the pay attached to the office, but also to be graded and recognized as a detective sergeant upon the police force. The language of the statute is that such persons situated as is the relator "shall be known as detective sergeants, shall act as such in said bureau, and shall hold the same rank and shall be eligible for promotion in the entire police force in the city under the same rules and conditions applicable to the promotion of all other sergeants of police in said city, and shall not be reduced in rank or salary except in the manner provided by law for sergeants and other officers of the police force." So that his right is not only to have his salary, but to have title and grade as a detective sergeant. It is essential also to the perfect security and protection of his rights that his status upon the police force be settled, in order that he may be better able to enforce his legal rights to the compensation attached to the office, and in establishment of his right and title thereto. His status does not rest upon any disputed question of fact, but solely upon a question of law, and, as his rights have been already settled by the provisions of the statute, and authoritative adjudication thereon, he is not only legally, but equitably, entitled to have such status denominated by name, and recognized by his superiors in office and others. Under such circumstances, mandamus is evidently the proper writ to invoke in establishment of the right.

In McCullough v. Mayor of Brooklyn, 23 Wend. 458, it was said by Judge Bronson:

"Although, as a general rule, a mandamus will not lie in law where the party has another remedy, it is not universally true in relation to corporations and ministerial officers. Notwithstanding they may be liable in an action on the case for a neglect of duty, they may be compelled by mandamus to exercise their functions according to law."

And this doctrine has received uniform approval. People v. Mead, 24 N. Y. 114; People ex rel. Ryan v. Green, 58 N. Y. 295. In the latter case the court said, speaking through Judge Folger:

"Where there is a remedy by action, an application for a mandamus will be denied, with the limitation that an action against a public officer for a

neglect to perform his duty will not be held to be such a remedy by action
as will prevent the allowance of a mandamus."

To the same effect is People v. Supervisors of Chenango, 11 N. Y.
563; Buck v. City of Lockport, 6 Lans. 251; Spelling on Extraor-
dinary Relief, § 1572 et seq.

It is manifest that it was incumbent upon defendant to properly
grade and recognize the status of the relator when demand was made
upon him so to do, and, as he has failed in so doing, and the relator
has the legal right to have such act performed, it is clear, within the
authorities cited, that a writ of mandamus will issue to compel its
performance when that is denied.

It follows that the order granting the writ was correct. It should
therefore be affirmed, with costs.

O'BRIEN, J., concurs. LAUGHLIN, J., concurs in result. IN-
GRAHAM and McLAUGHLIN, JJ., dissent.