### HUNT v. VAN EPPS, Village Treasurer.

(Supreme Court, Special Term, Erie County. December 22, 1910.)

MANDAMUS (§ 23*)—RIGHT TO WRIT—INTEREST.

A village certificate of indebtedness having been issued to pay for property taken for street purposes, and an agreement having been made to sell it to D., it was delivered to the village clerk to be delivered to D. on payment of the sum agreed on. Respondent, the village treasurer, obtained possession of the certificate on a pretext, and wrongfully refused either to redeliver it to the clerk or to accept the money from D. and surrender the certificate to him. Relator, as president of the village, applied for mandamus to compel respondent to surrender the certificate. It did not appear that relator as president of the village had any authority or interest in the matter. Held that, since there was a full remedy as between respondent and the village clerk or the purchaser of the certificate, relator was not entitled to the writ.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 55–58; Dec. Dig. § 23.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application of Horace F. Hunt for a peremptory writ of mandamus against John Van Epps, as Treasurer of the Village of Hamburg. Application denied.

Fred J. Blackmon, for applicant.
Loomis & Gibbs, for Van Epps.

WOODWARD, J. Disregarding all merely technical questions, this is a proceeding for a peremptory writ of mandamus, and Horace F. Hunt appears in the attitude of the relator. We will assume, for the purposes of this discussion, that all of the facts as set forth in the affidavit of Horace F. Hunt are true, not having been properly controverted by the answering affidavits.

Upon this view of the moving papers, it appears that Mr. Hunt, the relator, is the president of the board of trustees of the village of Hamburg; that John Van Epps is the treasurer of said village, and that the board of trustees consisted of Mr. Hunt, the relator, and Albert Straub, Albert Dodge, William G. Wesp, and Maurice R. Welch; that during the month of September, 1910, five or more resident freeholders of the said village petitioned the board of trustees, as provided by article 6 of the village law, for an extension of East Union street; that due proceedings were had thereon, and that upon the 11th day of October, 1910, the board of trustees granted the petition and laid out the street in harmony with the request of the petition; that one Joseph Neifergold owned certain premises and lands to be taken for said street, and that, after the determination of the board to grant the prayer of the petition, the board of trustees entered into negotiations for the purchase of said lands, which resulted in a contract with the said Neifergold for the sale of such premises for a consideration of $1,700; that the village of Hamburg did not have the funds to discharge this obligation, and thereupon determined to issue a certificate of indebtedness, at a rate of interest not exceeding 5 per cent., to meet the same; that the board duly advertised for the sale of said certificate of indebtedness; that one James Dudley bid for such certificate of indebtedness at par, with interest at 5 per cent., and that the same was duly authorized to be sold to the said Dudley at the figure named, and the proper action was taken authorizing the issue and delivery of said certificate; that said certificate was thereupon duly executed and delivered to the village clerk to be delivered to the purchaser upon the payment of the $1,700 agreed upon; that the said Dudley was prepared to make such payment and to receive the said certificate upon the 14th day of November, 1910; that the said Dudley, with his attorney and the village clerk, met the said John Van Epps, treasurer, and tendered to him as such treasurer the sum of $1,700 for such certificate; that the said treasurer, upon some pretext, got possession of the said certificate, and that he refused to redeliver the same to the village clerk, or to accept the $1,700, or to deliver the certificate to the said Dudley, or to any one else, claiming to be justified by some alleged illegality in the proceedings leading up to the issuing and delivery of the said certificate. This is, in substance, the entire claim of Mr. Hunt,

the relator. He does not claim to be acting in behalf of the village of Hamburg, and the affidavits of the respondents make it appear affirmatively that he is not authorized to act for the village. He makes no claim that he has any legal interest in the certificate of indebtedness, or that the respondent has neglected or refused to perform any duty which he, as treasurer of the village of Hamburg, owed to him. He does not claim even that he has any interest in the contract with Joseph Neifergold, the owner of the premises for which this certificate of indebtedness was issued to provide funds.

The proceeding is entitled, "Matter of the Application of Horace F. Hunt, as President of the Village of Hamburg, for a Writ of Peremptory Mandamus versus John Van Epps, as Treasurer," but it does not appear that he had any authority to act in the matter in behalf of the village of Hamburg. No such authority is to be found in the Village Law, and it appears, as we have already pointed out, that he was not authorized by any act of the board of trustees to institute this proceeding, assuming that the village of Hamburg itself might be authorized to act. The rule is, we believe, fully established that, to entitle a relator to a writ of mandamus, he must show himself legally and equitably entitled to some right properly the subject of the writ, and that it is legally demandable from the person to whom the writ must be directed. People ex rel. Faile v. Ferris, 16 Hun, 219, 221; People ex rel. Stevens v. Hayt, 66 N. Y. 606, 607. No such rights are to be found in this case. There is nothing to show that Horace F. Hunt, as president of the village of Hamburg, has any right or authority to receive the said certificate of indebtedness. Indeed, he does not claim any such right. He demands that the writ issue to "John Van Epps, as treasurer of the village of Hamburg, and requiring him to deliver said certificate of indebtedness as aforesaid and to accept said $1,700 from said purchaser of said certificate of indebtedness." The purchaser is not asking this relief. The village of Hamburg is not asking it. It is Horace F. Hunt, claiming to act as the president of the village of Hamburg, in a matter in which it is not shown that he has any authority to act. Moreover, it is not alleged, nor do we find any authority in the statute, that it was the duty of Van Epps, as treasurer, to deliver this certificate of indebtedness. The affidavit of Mr. Hunt alleges that the certificate was delivered "to the clerk of said village, for delivery to the said purchaser upon his complying with his said bid therefor," and then it is alleged that the said Van Epps secured the certificate for the pretended purpose of making a copy thereof, and that he thereupon "refused to return the same to him, and also refused to accept the seventeen hundred dollars from said purchaser, and still refuses to deliver said certificate to said clerk or to said James Dudley, or to any one else, and declares that he will not do so, saying and pretending in substance that some one has forbid him doing so." There is no claim, therefore, that the respondent owed any duty to return the certificate to the relator, nor is there any allegation that the proposed purchaser is now ready and willing to accept such certificate, or that he is claiming any rights under his bid.

The most that can be said of the moving papers is that they show

that the certificate was rightfully in the custody of the clerk of the village of Hamburg, and that the respondent secured possession of the same and refused to restore it to the rightful custodian. If any one has a grievance against the respondent, it must be either the village clerk or the proposed purchaser, and neither of these persons are here asking for relief. The respondent, as village treasurer, is not required by any rule of law called to our attention to deliver this certificate of indebtedness to any one. So far as the village treasurer is concerned, he seems to have no right to the possession of the certificate in that capacity—seems to have no duty to perform in respect to the same— and he could, therefore, owe no legal duty to deliver the same to the nominee of the relator. The possession of the certificate, so far as appears from the moving papers, is wrongful as against the village clerk, who was charged with the duty of delivering the same to the purchaser, and we know of no duty resting upon the president of the village of Hamburg to intervene to procure the restoration of the certificate either to the village clerk or to the purchaser, both of whom have a perfect remedy if their rights are invaded by such wrongful withholding.

Where a party has a clear legal right to demand the performance of a specific duty, and there is no other adequate remedy, mandamus will usually lie to compel performance. But it is essential that the relator have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the duty required. 19 Am. & Eng. Ency. of Law, 725. Here there is a full remedy as between the respondent and the village clerk or the purchaser, for the respondent does not act, in withholding the certificate, in any official capacity, but as an individual. He has simply taken possession of something which does not belong to him, and refused to deliver it, and the law makes a perfect provision for such cases without calling in the extraordinary remedy of mandamus by one who has no legal or equitable interest in the subject-matter.

We think the relator is not entitled to the writ asked for, and that the proceeding should be dismissed, with costs to the respondent.