Lester Holtzman, J.
Petitioner moves for an order directing the Department of Buildings of the City of New York to compel the other respondents herein to use and operate the swimming pool located at 89th Street and 151st Avenue, Queens, on a nonprofit basis, pursuant to the terms of a certificate of occupancy. All respondents move to dismiss the petition, pursuant to section 1293 of the Civil Practice Act, upon the ground that it is insufficient in law.
Petitioner alleges in substance that he is a tenant and stockholder of the Cross-Bay Co-operative Corp., the owner of real property in an area zoned for residential use; that respondent Lipkin Kahn Co. owns real property within said area; that said Lipkin Kahn Co. built a pool on the property owned by it and received a certificate of occupancy for such pool, which limited the use thereof to a nonprofit basis; that respondents Lipkins and Kuhn and Lindenwood Swim Club, Inc. organized an associa *869 tion “ dominated by them, Lindenwood Swim Club M; that upon information and belief the respondents, Lipkins and Kahn and Lindenwood Swim Club, Inc. sold the rights to use the pool; that upon information and belief the prices charged were not assessed upon a nonprofit basis; that upon information and belief respondents Lipkins, Kahn and Lindenwood Swim Club, Inc. have earned a profit; that upon information and belief the Department of Buildings of the City of New York is obligated to supervise the plans for zoning regulations and is also obligated to supervise compliance with the certificate of occupancy.
In his prayer for relief, petitioner asks that the court direct respondents, other than the Building Department, to charge fees to members of the club on a nonprofit basis and that in the event they fail to do so, that the Building Department be directed to enforce the limitations in the certificate of occupancy and the residential zoning regulations applicable to the property of the respondents Lipkins and Kahn.
The petition is replete with allegations based upon information and belief, particularly those that deal with the main issue, namely, whether respondents other than the Building Commissioner, made a profit in the operation of this pool, contrary to the provisions and terms of the certificate of occupancy.
A petition which is based upon information and belief, rather than upon outright allegations of wrongdoing, cannot be sustained. (Matter of Whitman, 225 N. Y. 1.) In order to succeed a petitioner must show that he has a clear legal right to the relief sought. (People ex rel. McMackin v. Board of Police of City of N. Y., 107 N. Y. 235; People ex rel. Stevens v. Hayt, 66 N. Y. 606.)
The remedy of an article 78 proceeding is available to review a determination of a body which involves an abuse of judgment and discretion or to compel performance of a duty specifically enjoined by law. Petitioner has failed to meet the aforesaid requirements. Accordingly, the petition is dismissed.