In the Matter of HYMAN J. KAPLAN, Appellant, v. SIDNEY K. LIPKINS et al., Doing Business as LIPKIN KAHN Co., et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, to direct the respondent Commissioner of the Department of Buildings of the City of New York to compel the other named respondents to use and operate a certain swimming pool on a non-profit basis, in accordance with the zoning ordinance applicable to the property and pursuant to the terms of a certificate of occupancy, the petitioner appeals from an order of the Supreme Court, Queens County, dated July 30, 1962, which granted the respondents' cross motion to dismiss the petition for insufficiency as a matter of law (Civ. Prac. Act, § 1293). Order affirmed, with $10 costs

and disbursements. In our opinion, the petition does not allege facts which establish: (1) that the petitioner has a clear legal right to the relief sought, or (2) that the respondent Commissioner failed or refused to perform a duty enjoined by law (cf. *Matter of Ellis* v. *Dixon*, 281 App. Div. 987). Mandamus is a special remedy available to enforce a clear legal right where there is no other adequate and legal means to obtain it, and which in its application is discretionary with the court (*Toscano* v. *McGoldrick*, 300 N. Y. 156). In the case at bar, mandamus is not the means provided by law to reach the situation described in the petition. In our opinion, *Matter of Ciminera* v. *Sahm* (4 N Y 2d 400), upon which appellant relies, is distinguishable and not determinative of the issue involved herein. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur. [36 Misc 2d 868.]