PEOPLE ex rel. LINDGREN v. McGUIRE, City Magistrate.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. CRIMINAL LAW (§ 212*)—OFFENSES—INVESTIGATION—WARRANT—DUTY TO ISSUE—EXAMINATION OF INFORMANT.

Where relator presented a city magistrate with a paper in the form of a deposition, unsigned and unverified, alleging violation of a penal statute, the magistrate was required by Code Cr. Proc. §§ 148, 149, to examine relator on oath and any witnesses he might produce, take their depositions in writing, and cause them to be subscribed, and if he was satisfied therefrom that the crime complained of was committed, and that there was reasonable ground to believe that the defendant had committed the same, to issue a warrant, and if he was satisfied that the crime had not been committed, but believed that the public interest re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quired an investigation, he was required by Laws 1910, c. 659, § 82, to issue a summons.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 441-443; Dec. Dig. § 212.*]

2. MANDAMUS (§ 61*)—OFFENSES—INFORMATION—WARRANT—DUTY TO ISSUE.

Where an unverified deposition, presented to a city magistrate charging a third person with an offense, was considered and did not satisfy the magistrate that a crime had been committed, whereupon he refused to issue a warrant and also refused to issue a summons because he did not believe it was necessary to further investigate the complaint, his acts in so doing were judicial and, if error was committed, could not be corrected by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 122-126; Dec. Dig. § 61.*]

3. MANDAMUS (§ 16*)—RIGHT TO WRIT—DISCRETION.

Where a city magistrate had already considered an unverified deposition charging a third person with an offense, and had determined that the facts stated therein did not justify the issuance of a warrant or summons, mandamus would not be granted to compel the magistrate to permit relator to subscribe the proposed affidavit and make oath to the same, since the writ, being prerogative in character, would not be granted to compel the performance of a futile act.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 48, 59, 60; Dec. Dig. § 16.*]

Appeal from Special Term, Kings County.

Application by the People, on relation of Edward Lindgren, for a writ of mandamus against John C. McGuire, City Magistrate, to compel him to take and receive relator's information charging John L. Belford with violating Pen. Law (Consol. Laws 1909, c. 40) § 43. From an order denying the motion for a peremptory writ, relator appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Solomon S. Schwartz, of Brooklyn, for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondent.

BURR, J. This is an appeal from an order denying an application for a peremptory writ of mandamus, directing John C. McGuire, city magistrate, to take and receive the information of Edward Lindgren against John L. Belford, for alleged violation of the provisions of section 43 of the Penal Law (Consol. Laws 1909, c. 40).

[1] The facts may be summarized as follows: On April 9, 1912, relator appeared with Solomon S. Schwartz, his counsel, before John C. McGuire, a city magistrate then sitting in the Sixth district magistrate's court, and presented to him a paper which is in the form of a deposition, although unsigned and unverified, and demanded that a warrant be issued for the arrest of John L. Belford for an alleged violation of section 43 of the Penal Law. It thereupon became the duty of the magistrate to examine on oath the informant and prosecutor, and any witnesses that he might produce, and take their depositions in writing and cause them to be subscribed by the parties

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issuing them, and if he was satisfied therefrom that the crime complained of had been committed, and that there was reasonable ground to believe that defendant had committed the same, to issue a warrant of arrest. Code of Criminal Procedure, §§ 148, 149. By a subsequent statute (Laws of 1910, c. 659, § 82) it is further provided that:

"When a complaint, oral or written, is made to a magistrate and the magistrate is not satisfied that a crime has been committed, but believes that in the public interest he should inquire into and investigate the complaint so made, he may issue a summons."

The magistrate did not examine the informant and prosecutor on oath. It does not appear that any witness other than the relator was produced before him for examination. In opposition to the motion for the peremptory writ, Magistrate McGuire submitted an affidavit, the statements in which for the purposes of such application must be accepted as true (People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; In Matter of Haebler v. N. Y. Produce Exchange. 149 N. Y. 414, 44 N. E. 87; In Matter of Breckenridge v. Scannell, 160 N. Y. 103, 54 N. E. 670; People ex rel. Myers v. Moynahan, 130 App. Div. 46, 114 N. Y. Supp. 417; People ex rel. Murphy v. Bingham, 130 App. Div. 112, 114 N. Y. Supp. 702), from which it appears that he examined the proposed affidavit and considered it as if it had been a deposition, and, after hearing counsel for the relator, was not satisfied that any crime had been committed, and therefore refused to issue a warrant, and, when subsequently requested to issue a summons, refused to do so for the reason that he did not believe it was necessary to further investigate the complaint made. Whether the facts stated in the proposed deposition showed that a crime had been committed, and that there was reasonable ground to believe that the person accused was guilty thereof, we need not determine.

[2] In passing upon the sufficiency thereof the magistrate was acting judicially, and, even although he erred in his decision, such error may not be corrected by mandamus, and the magistrate compelled to issue either a warrant or a summons. Ex parte Ostrander, 1 Denio, 679; People ex rel. Woodward v. Rosendale, 76 Hun, 103, 27 N. Y. Supp. 837; In Matter of McBride, 72 Hun, 394, 25 N. Y. Supp. 431.

[3] The relief asked for is that the magistrate take and receive the information of the relator. The writ of mandamus is prerogative in character, issuing only in the discretion of the court (26 Cyc. 139; People ex rel. Lehmaier v. Interurban R. Co., 177 N. Y. 296, 69 N. E. 596; In Matter of Dederick, 77 N. Y. 595), and will not be granted to compel the performance of a futile act (People ex rel. Stevens v. Hayt, 66 N. Y. 606; People ex rel. Robinson v. O'Keefe, 100 N. Y. 572, 3 N. E. 592). It would be idle at this time to require the magistrate to permit the relator to subscribe the proposed affidavit and make oath to the same, since it conclusively appears that the magistrate considered the paper presented to him to be of like force and effect as if thus subscribed and sworn to.

The order should be affirmed, with $10 costs and disbursements. All concur.