Harold A. Felix, J.
The proceeding herein brought in the name of the People of the State of New York on the complaint of Henri A. B elf on, Division Supervisor of the Bureau of Attendance of the Board of Education of the City of New York, charges Anonymous with a violation of subdivision 5 of section 3212 of the Education Law of the State of New York. Paragraphs a and b of said subdivision provide that:
“ a. No person shall induce a minor to absent himself from attendance upon required instruction or harbor him while he is absent or aid or abet him in violating any provision of part one of this article
“ b. No person shall interfere with an attendance officer in the lawful pursuit of his duties, or neglect or refuse to answer his lawful inquiries.”
Respondent is charged with inducing certain students attending Public School 136, Manhattan, to absent themselves from school on June 1, 1964, a regularly scheduled school day; of harboring these children in the basement of premises located at 301 West 134th Street; and of interfering with Henri A. Belfon, Division Supervisor and Joseph Gold, the District Supervisor, both duly appointed attendance officers of the Board of Education of the City of New York, while in the lawful pursuit of their duties. Section 3228 of the said Education Law provides that a violation shall be punished for a first offense with a fine not exceeding $10 or 10 days in prison. No familial, custodial or guardian relationship exists between the respondent and the children affected.
*394 The question of the Family Court’s jurisdiction to entertain the proceeding was answered in the affirmative by the court in its opinion dated July 27, 1964 and transmitted to the parties. It was stated therein that although the Family Court Act (L. 1962, ch. 686), which represents the legislative implementation of the grant of authority found in section 13 of article VI of the new judicial article of the State Constitution, does not contain any provision vesting the court with jurisdiction over ‘ ‘ crimes and offenses by or against minors” (N. Y. Const., art. VI, § 13, subd. b, par. [7]) except in connection with family offenses and except as the same may be related to acts of neglect, pre-existing section 3227 of the Education Law gave exclusive jurisdiction of violations of part I of article 65 of the Education Law to the children’s courts in the City of New York. And notwithstanding the passage of the law conforming various provisions of the Education Law to the Family Court by substituting the words ‘ ‘ family court ’ ’ for the then existing terms ‘ ‘ children’s courts or domestic relations court ” (L. 1962, ch. 690) but with no specific conforming amendment to the afore-stated section 3227 thereof, sections 41 and 42 of chapter 689 of the Laws of 1962, abolishing the Children’s Court and Domestic Relations Court, provided that: “Reference in any general, special or local law, charter, administrative code, rule, regulation or public document to the children’s court [or to the “ domestic relations court ”] shall be deemed a reference to the family court of the state of New York ”. It appeared therefore to the court that these latter saving provisions operated as a reaffirmation of the jurisdictional grants contained in section 3227 and made them applicable to the new “ Family Court ”. It was the court’s opinion that albeit proceedings of the character herein might, with greater propriety, be handled in some forum other than the newly constituted Family Court, absent such forum, it was constrained to conclude that there was sufficient statutory sanction for its retention of the matter and directed that the hearing proceed before it.
It is revealed from the facts adduced that on a regularly scheduled school day, June 1, 1964, a substantial number of children of school age were engaged in picketing along with adults including the respondent at Junior High Schools 136 and 139, Manhattan, for the purpose of dramatizing objectives not too clearly described by those children who testified and the sole witness called by the respondent — although it would appear that ‘ demands ” included the installation of a community center in Junior High School 136. Respondent was identified with the picketing, and the activity in the basement premises wherein the *395 three children, called by the petitioner were kept, along with others, during the morning and early afternoon. Further that the Division Supervisor and District Supervisor of the Bureau of Attendance went to the basement premises in question, were directed to the respondent as the man in charge by two adults at the door, revealed their official positions, complained of the unlawful character of the assembly in the premises, and requested that the children be sent back to school. The request was refused by the respondent who ordered the officials to leave.
The cost of New York City’s public school education system is astronomical in amount and understandably so, as education is the key to economic survival in our age of automation and specialization. The efforts of school personnel to effect a regular and constant school attendance must not be interfered with for any reason, for to impede the efforts of those charged with the duty of enforcing the provisions of the law designed to safeguard and oversee the acquisition of basic knowledge by children through compulsory attendance at school, would be in contravention of the best interests of the children and the public. However laudable the objective, or however worthwhile the cause, the prevailing upon children to remain away from their scheduled classes in furtherance of asserted goals cannot be regarded by this court as an acceptable technique to be encouraged.
The testimony reveals that the respondent was apparently a person of some local recognition who, with others, sought to utilize the technique aforestated, on June 1, 1964, to move the Board of Education to take some course of action, meritorious or otherwise, in respect to a neighborhood school and its facilities. The community can ill afford to give support to such persons who make use of school children during their scheduled school day as instruments of their pressure.
On an assessment and evaluation of the record, while the proof is unsatisfactory to the court in respect to the respondent’s inducing the three children who testified to absent themselves from school, I am satisfied by the necessary quantum of proof that the respondent harbored the said children in the premises described and interfered with the Bureau of Attendance officials in the performance of their duties.
Motions of the respondent to dismiss the petition are denied. Respondent is sentenced to the City Prison for a term of 10 days, but sentence is suspended on condition that the respondent refrain from further acts in violation of the Education Law of the State of New York.