Joseph B. Williams, J.
Petitioners, who are parents of children attending the public schools of the City of New York, instituted these proceedings in the Family Court, Queens County, alleging violations, of paragraphs a and b of subdivision 5 of section 3212 of article 65 of the Education Law of the State of New York, commonly referred to as the Compulsory Education Law.
A labor union, headed by the respondent, issued a strike call. The actions of the union membership pursuant thereto resulted, for all practical purposes, in the suspension of classroom instructions in the public schools for all but a small portion of the city’s one million or more children.
The petitions filed herein allege in substance that respondent by certain statements and acts has induced petitioners’ minor children to absent themselves from attendance upon required instruction and in addition, respondent has interfered with attendance officers in the performance of their duties, all in violation of paragraphs a and b of subdivision 5 of section 3212 of the Education Law.
Respondent moved by order to show cause to dismiss the petitions on the grounds that the Family Court lacks jurisdiction of the subject matter and that the petition fails to set forth a cause of action.
By stipulation it was agreed that since all the pétitions were substantially the same in form and content and raised the same issues, .that they all be heard together and this decision would be binding on all parties. The contention of respondent on the first point is that the Family Court’s jurisdiction is limited to proceedings specified in the Constitution (N. Y. Const., art. VI, § 13); that these proceedings are criminal in nature; that the Constitution did not grant the Family Court jurisdiction over crimes and offenses against minors except in connection with family offenses and neglect proceedings (N. Y. Const., art. VI, § 13, subd. b). Since these proceedings do not fall within the exceptions set forth, this court may not assume jurisdiction to hear and determine these matters.
Petitioners on the other hand urge that the court has jurisdiction, relying upon the Compulsory Education Law (Education Law, § 3232).
The Constitution provides: “The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the *149 manner provided by law: the guardianship of the person of minors and, in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household ” (N. Y. Const., art. VI, § 13, subd. b, par. [7]). The Family Court Act, which represents an implementation of this constitutional grant of authority (People v. Anonymous, 44 Misc 2d 392, 394), provides in part that ‘ ‘ the family court has such other jurisdiction as is provided by law.” (Family Ct. Act, § 115, subd. [c].) Article 65 of the Education Law has two parts. Part I which embodies sections 3201 to 3234 inclusive, deals with compulsory education. Subdivision 1 of section 3232 of the Education Law states in part “In the counties of Cortland and Westchester and in the city of New York family courts have exclusive original jurisdiction in such proceedings. Notwithstanding other provisions of law, family courts shall have jurisdiction, for the purposes of part one of this article, of minors under the age of eighteen.” This question was raised in People v. Anonymous (44 Misc 2d 392). It was there held that this court had jurisdiction to hear and determine alleged violations of the Compulsory Education Law.
From the foregoing, I conclude that the Family Court is the only court in the City of New York empowered to entertain proceedings under section 3212 of the Education Law.
However, in the view I take of this matter, I feel that the instant proceedings may. not be instituted by these petitioners for another reason. The power to supervise enforcement of the Compulsory Education Law is vested in the Commissioner of Education, which he does by withholding from school district funds for failure to enforce compliance. (Education Law, § 3234, former § 3229, renumbered by L. 1966, ch. 975.)
Local boards of education have the power and duty to perform any and all duties imposed upon boards of education by law or regulations (Education Law, § 2554, subd. 1) and the Superintendent of Schools has general supervision of the Bureau of Compulsory Education. (Education Law, § 2570.) The By-laws of the Board of Education of the City of New York provide that the Superintendent of Schools shall be the chief executive officer of the Board of Education and of the city educational system, and shall enforce all laws, rules and regulations pertaining to management of schools and all activities under the direction of the Board of Education (By-laws of Board of Education, art. III, § 31, as adopted Dec. 23, 1952 and amd. to June 30, 1964). Section 45 of the By-laws of the *150 Board of Education provides: “ 1. Subject to the general supervision of the Superintendent of Schools, the Bureau of Compulsory Education, School Census and Child Welfare shall enforce the provisions of the Education Law relative to the required attendance of minors upon instruction and to their employment. It shall maintain the school census.”
Accordingly, I find that enforcement power under article 65 of the Education Law was granted to school authorities and officials. There is no provision in the law granting the right expressly or by implication to a private citizen. Therefore, it must be concluded that the Legislature did not intend to give enforcement power to persons other than school authorities and officials. I am compelled to hold that petitioners, who are parents of schoolchildren, have no standing to institute or maintain proceedings to enforce violations of paragraphs a and b of subdivision 5 of section 3212 of the Education Law of the State of New York.
For the reasons set forth, it is not necessary to consider the second question raised by respondent’s motion. Respondent’s motion to dismiss is granted.