Manuel Gr. Guerreiro, J.
The petitions herein allege in substance that the respondents and their organizations have deprived children of educational opportunities and facilities during the recent school strike in New York City, in violation of section 3212 of the Education Law and within the meaning of article 3 of the Family Court Act.
Article 3 of the Family -Court Act deals with neglect proceedings; section 312 defines “ neglected child ” in terms of a child whose parents or “ other person legally responsible for his *56 care ” fail to properly provide for Ms welfare, including education. None of the respondents can be characterized as legally responsible for the care of the petitioners’ children, though some of the respondents may have a public duty in the area of education. This is not tantamount to saying that they are legally responsible for these children (Riss v. City of New York, 22 N Y 2d 579). The motion to dismiss is granted as to those petitions alleging neglect under article 3 of the Family Court Act.
The remaining petitions charge the respondents with violation of section 3212 (subd. 5, pars, a, b) of the Education Law. TMs court has jurisdiction to entertain these petitions (Matter of Cavanagh v. Galamison, 31 A D 2d 635; People ex rel. Williams v. Shanker, 58 Misc 2d 147). The respondents assert however that the statutory scheme of the Education Law precludes the petitioners from bringing this action. They rely on the fact that section 2570 of the Education Law wMch provides for a bureau of compulsory education, school census and child welfare in cities having a population of one million or more, and charges the said bureau with the duty of enforcing article 65 of the Education Law, in effect bars anyone not professionally connected to the school system from proceeding under article 65 of the Education Law.
Section 3233 of the Education Law provides criminal sanctions for violations of the Education Law, and therefore the principles of criminal law are relevant. Ordinarily anyone who is directly harmed by alleged criminal conduct can file an accusatory information before a Magistrate, unless the statute defining the illegal conduct specifically states otherwise, or the asserted illegal conduct is too remotely connected to the interests to be protected. Applying these principles to the instant proceeding, there is no specific prohibition in article 65 against a private person filing a complaint under the Education Law, nor can it be said that the interest of the petitioners in securing an education for their children is too remote from the asserted illegal conduct.
Section 1 of article XI of the New York State Constitution guarantees to the children of this State the right to public instruction. I know of no system where the enforcement of constitutional rig'hts is entrusted solely to the public officials of the 'State.
“ The judiciary is an indispensable part of the operation of * * * system. With the growing complexities of government it is often the one and only place where effective relief can be obtained * * * where wrongs to individuals are done by *57 violation of specific guarantees, it is abdication for courts to close their doors ” (Mr. Justice Douglas in Flast v. Cohen, 392 U. S. 83, 111.)
It may be that the Family'Court is not the ideal forum to hear these complaints '(People v. Anonymous, 44 Misc 2d 392), but this court cannot decline jurisdiction for that reason.
The petitions in question read as follows:
“ The respondents as listed herein did fail to exercise reasonable diligence in the control of the children to prevent the children from becoming neglected children, in that respondents as listed herein did not adequately supply educational opportunities and facilities as prescribed by the Education Law of the 'State of New York. The failure of the respondents as listed herein to provide an education as prescribed by the Education Law of the State of New York has resulted in the absence of the infant * * * from attendance in a public school from September 10 to November 4, 1968. The parent of the infants has continuously sought to have the infants attend a public school in the City of New York.
‘ ‘ Wherefore, deponent prays that the said respondents as herein be apprehended and dealt with according to law. ’ ’
In order to establish criminal liability the alleged illegal acts must be set forth with particularity (Matter of Cardinal [Munyan], 30 A D 2d 444 [1968]), the information must allege willful and unlawful intent (Matter of Richards, 166 Misc. 359), nor can these defects be cured by bills of particulars or motions to amend the information. For the above reasons the petitions herein fail to state a criminal cause of action as a matter of law. In view of this decision it is not necessary to pass upon the other arguments urged by the respondents.
Motions are granted, petitions are dismissed.