260 A.2d 443.

Donald R. Brant *vs.* William H. McSoley, Jr.

JANUARY 7, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Per Curiam. This is an appeal from a judgment entered in the Superior Court denying and dismissing the petitioner's petition for mandamus.

On or about January 9, 1964, petitioner made complaint under oath pursuant to the provisions of G. L. §12-6-1 to the then justice of the District Court of the Eighth Judicial District requesting him to issue a warrant under §12-6-4 for the arrest of the warden of the Adult Correctional Institutions on the grounds that the latter had deprived him of his civil rights under 18 U.S.C.A. §242. The justice of that court, relying on §12-6-4 and 18 U.S.C.A. §3041, refused to issue the warrant on the ground that, in his opinion, petitioner had not shown probable cause for him to believe that an offense, as alleged, had been committed.

The petitioner then filed the instant petition for mandamus in the Superior Court asking that court to order the District Court justice to issue the warrant of arrest. The

Superior Court issued an alternative writ ordering the District Court justice to issue the warrant or to show cause why a peremptory writ of mandamus should not issue against him. He filed an answer which in substance denied he had any duty to issue the warrant. After a hearing on the petition and answer, the Superior Court rendered a decision denying and dismissing the petition. The petitioner thereupon filed this appeal.

The petitioner contends that the Superior Court's refusal to grant mandamus constitutes reversible error. We do not agree. Over 60 years ago, this court said:

"To warrant the issuance of a writ of *mandamus,* the petitioner must show first a legal right to have the act done which is sought by the writ; and second, it must appear that the act which is to be enforced by the mandate is that which it is the plain legal duty of the respondent to perform, without discretion either to do or refuse; and third, that the writ will be availing as a remedy, and that the petitioner has no other plain, speedy, and adequate remedy." *Putnam Foundry & Machine Co.* v. *Town Council,* 28 R. I. 422, 428. 67 A. 733, 736. See *Aniello* v. *Marcello,* 91 R. I. 198, 162 A.2d 270.

It has long been settled that a writ of mandamus will not issue to reverse a decision, however erroneous, reached by an inferior tribunal in a matter involving the exercise of discretion. Merrill, *Mandamus* (1892) sec. 32, pp. 33-34, and a judge cannot be compelled to undo what he has done in the exercise of his legitimate discretion. *Ex parte Burtis,* 103 U. S. 238, 26 L.Ed 392.

*Ex parte United States,* 287 U. S. 241, 53 S. Ct. 129, 77 L.Ed 283, relied upon by the petitioner, is clearly inapposite since what was mandamused there was the issuance of a warrant *upon an indictment* which was fair upon its face and properly found and returned.

In this case in passing upon the sufficiency of the prob-

able cause[1] which would support the issuance of a warrant upon a private complaint, there can be no question that the District Judge was acting judicially rather than ministerially, and we will, therefore, not correct his error — if indeed he erred — by mandamus and compel him to issue a warrant. *People ex rel. Lindgren* v. *McGuire,* 151 App. Div. 413, 415, 136 N.Y.S. 88, 90.

Judgment affirmed.

*Aram K. Berberian,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for respondent.

---

[1]General Laws 1956, §12-6-4 provides:

"Issuance of warrant.—Upon the giving of a recognizance with surety, in the case where surety is required, and upon the giving of a recognizance without surety, where no surety is required, and upon the making of a complaint only where no recognizance is required, the justice, clerk or justice of the peace, if in his opinion there is probable cause to believe that an offense has been committed. shall forthwith issue his warrant, directed and returnable in the same manner as a warrant issued on a complaint for threats."