George L. Cobb, J.
In this proceeding, the petitioner seeks a judgment in the nature of mandamus compelling the respondents to accept for filing an accusatory instrument which charges that one identified police officer and two unidentified police officers assaulted the petitioner. The petitioner alleges that on two particular occasions the respondents have refused and neglected to accept the said instrument for filing and the petitioner now seeks the aid of this court in compelling the performance of what the petitioner says is the legal duty of the respondents.
A judgment in the nature of mandamus is available to compel the performance of a ministerial act (Matter of Butts v. Justices of Ct. of Special Sessions of Town of Greenburgh, 37 A D 2d 607, app. dsmd. 29 N Y 2d 707), but will not lie to compel the exercise of discretion in a particular manner (People ex rel. Lindgren v. McGuire, 151 App. Div. 413). It is important to note that the petitioner is not seeking to compel the discretionary act of issuing* a warrant, but, instead, merely seeks to compel what the petitioner says is the ministerial act of accepting a document for filing.
*639 Pursuant to the applicable statutes (CPL 100.10, subds. 1, 4, 5; 100.55), >“ a person ” is privileged to file an accusatory instrument and the existence of the legal privilege compels the conclusion that the appropriate public official has the lagal duty to accept such' instrument for filing. Any other conclusion would take away the privilege the said statutes expressly confer. When a public official is obligated to perform a ministerial duty, such as filing papers, mandamus will lie to compel the performance, of that duty (People ex rel. Jaffe v. Bolte, 35 Misc. 53, 55; see, also, People ex rel. Oaklawn Corp. v. Donegan, 226 N. Y. 84) and such relief is available even though it is incidental to a criminal matter (Matter of Koslow v. Morrison, 4 Misc 2d 158, 163).
Even under the now repealed iCode of Criminal Procedure (see former Code Crim. Pro., §§ 145, 148), which contemplated that “ an information ” be “ made to ” or “ laid before ”, rather than “ filed with ” a Magistrate, it was said that “ ordinarily anyone who is directly harmed by alleged criminal conduct can file an accusatory information before a Magistrate, unless the statute defining the illegal conduct specifically states otherwise, or the asserted illegal conduct is too remotely connected to the interests to be protected ” (Matter of Maynard v. Shanker, 59 Misc 2d 55, 56).
The court is aware that in People ex rel. Lindgren v. McGuire (151 App. Div. 413, 415, supra) the court held that no judgment compelling the Magistrate to take and receive the information of the relator could be had because to do so would be tf to compel the performance of a futile act”. However, in that case the accusatory instrument in question had been submitted to the Magistrate and, after considering the contents thereof, he had decided, in the exercise of his proper discretion, that no further action should be taken thereon. In this case, there is nothing before the court which would indicate that the respondent Justice here has ever read the accusatory instrument which the petitioner seeks to place on file with the respondents or considered whether or not the contents thereof warranted any further action thereon. Furthermore, contrary to the practice under the now repealed Code of 'Criminal Procedure, the filing of the information is a critical step in the criminal process (see CPL 100;05 and Practice Commentary thereon by Bichard Gr. Denzer, McKinney’s Cons. Laws of N. Y., Book 11A, CPL, p. 364), which circumstance distinguishes this case from the holding in People ex rel. Lindgren v. McGuire.
Lastly, pursuant to section 2019 of the UCCA, the respondent Justice is required to “ keep or cause to be kept legible and *640 suitable records and dockets of all criminal actions and proceedings ” and the respondent Clerk, pursuant to section 255 of the Judiciary Law, must, upon request, and upon payment or tender of the applicable fees, search for, and make copies of the records on file in his office. It is difficult to perceive how the respondents can properly comply with these statutory duties if they do not accept the accusatory instrument for filing.
In passing, the court notes that no copy of the document which petitioner says is an “ accusatory instrument ” has been furnished to the court, ibut since the respondents have failed to deny the allegation that this instrument is in fact an “accusatory instrument ”, as such term is used in article 100 of the CPL, the court concludes that it meets the prima facie requirements of such an instrument and is therefore entitled to. be treated as such for the purposes of the relief sought in this proceeding.
The prayer of the petition will be granted.