Hon. Richard Mandell Town Attorney, Warwick
This is in response to your letter of February 26, 1979, wherein you state that the Town Justice has requested that you ask for an opinion of the Attorney General as to "Whether a criminal complaint by a private citizen may be brought under a local Dog Control Ordinance which provides for criminal penalties as authorized by Section 126 of the Agriculture and Markets Law."
You also enclosed a copy of the Dog Control Ordinance of the Town of Warwick and the accusatory instrument entitled "INFORMATION CHARGING VIOLATION OF THE DOG CONTROL LAW OF THE TOWN OF WARWICK." This office finds nothing within this ordinance inconsistent with section126 of the Agriculture and Markets Law.
Section 126 of the Agriculture and Markets Law, authorizing municipalities to impose additional restrictions upon "* * * the keeping and running at large * * *" of dogs within the municipality or any portion thereof provides for enforcement of these restrictions by either a civil or criminal penalty (section 126 [1] of the Agriculture and Markets Law). If the additional restrictions imposed by the municipality are enforced by a criminal sanction, section 126 provides that the sanction shall be a "violation" defined in the Penal Law, § 10.10 (3), to be "* * * an offense, other than a `traffic infraction,' for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed."
Prosecution of an individual for violation of the Town's dog control law would, therefore, be commenced by the filing of an accusatory instrument with a local criminal court, in this case an information (Criminal Procedure Law, § 100.10), alleging facts sufficient to support the accusation. The factual allegations in the information may be based upon either the personal knowledge or upon information and belief (Criminal Procedure Law, § 100.15) of the individual preparing the document. Neither the Criminal Procedure Law nor the Agriculture and Markets Law prohibits a private citizen from the filing of an information.
Ordinarily, anyone who is directly harmed by criminal conduct can file an accusatory information before a magistrate, unless the statute which defines the illegal conduct specifically states otherwise, or unless the asserted illegal conduct is too remotely connected to the interests to be protected (Maynard v Shanker, 1969, 59 Misc.2d 55, 297 NYS 801). Your attention is also directed to the decision which states that "Pursuant to the applicable statutes (CPL 100.10, subds. 1, 4, 5, 100.55), `a person' is privileged to file an accusatory instrument and the existence of the legal privilege compels the conclusion that the appropriate public official has the legal duty to accept such instrument for filing." (Artis v Keegan, 77 Misc.2d 638, 354 N.Y.S.2d 504.)
Accordingly, we conclude that an accusatory information may be filed by a private citizen under the Town's dog ordinance for a violation thereof. The determination as to acting further upon the allegations contained in the accusatory information would be a matter for the judicial determination by the Town Justice.