In the Matter of ROBERT J., a Child Alleged to be Abused.—Order affirmed without costs for reasons stated in decision at Oneida County Family Court, Flemma, J.

All concur, except Davis, J., who dissents and votes to reverse, in the following Memorandum.

Davis, J. (dissenting). I respectfully dissent. The Commissioner of Oneida County Department of Social Services commenced this child abuse proceeding under article 10 of the Family Court Act against respondent. Petitioner alleged in an amended petition that respondent sexually abused his grandson, Robert J., on certain occasions between March 1 and October 26, 1989, when respondent and his wife provided child care services for the child in their home. During that period of time, the child resided with his mother in a separate household. Respondent moved to dismiss the petition on the ground that he was not a proper party "respondent" as that term is defined by Family Court Act § 1012 (a) and (g), and thus, the court lacked subject matter jurisdiction. Family Court denied respondent's motion, finding that the child "spent as many hours per week in the home of the grandfather as he did in either the home of the mother or the father" and respondent did more than act as a baby-sitter, he "was continually involved with the child". The court concluded that respondent "fits the definition of respondent as required by Section 1012 (a) and 1012 (g)" of the Family Court Act. I disagree. In my view, the majority's affirmance of Family Court's determination is erroneous. A baby-sitter or child care provider who provides such services outside the parental home is not a "person legally responsible" under Family Court Act § 1012 (a) and (g) (see, Matter of Jessica C., 132 Misc 2d 596; Matter of Maureen G., 103 Misc 2d 109; Matter of Roman, 94 Misc 2d 796, 800-801). The words "parent or other person legally responsible" as contained in those subdivisions reasonably have been interpreted to mean a parent or one acting in loco parentis (see, Matter of Jessica C., supra, at 599-600; Matter of Maureen G., supra, at 114). I agree with the reasoning of the Family Court in Matter of Jessica C. (supra, at 600), that "those unrelated to the family context", performing child care

services outside of the household such as doctors, teachers, day care workers, neighbors, friends, or baby-sitters do not come within the purview of article 10 *(accord, Matter of Maynard v Shanker,* 59 Misc 2d 55). "Article 10 was implemented to protect a child from a parent or other person *legally* responsible for his or her care. It was not implemented to protect a child against any and all dangers produced in society" *(Matter of Jessica C., supra,* at 600). Here, the facts do not present a situation that properly could be characterized as a parent-child relationship or its functional equivalent within a family environment to support a conclusion that respondent is a proper respondent within the contemplation of Family Court Act § 1012 (a), (g). I perceive no rational reason to reach a different conclusion here merely because respondent is the child's grandparent. Accordingly, I would vote to reverse Family Court's order, grant respondent's motion and dismiss the amended petition. (Appeal from Order of Oneida County Family Court, Flemma, J.—Child Abuse.) Present—Denman, P. J., Callahan, Balio, Lawton and Davis, JJ.